# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA WILLIAMS, | Case No. 1:25-cv-01387-JLT-SKO |
| Plaintiff, | <u>FIRST SCREENING ORDER</u> |
| v. | ORDER FOR PLAINTIFF TO: |
| KRISTI CULVER KAPETAN, et al., | (1) FILE A FIRST AMENDED COMPLAINT; |
| Defendants. | (2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR |
| | (3) FILE A NOTICE OF VOLUNTARY DISMISSAL |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

Plaintiff Jana Williams ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this action. (Docs. 1 ("Compl."), 5.) The complaint, filed on October 17, 2025, names as Defendants Kristi Culver Kapetan, Judge of the Superior Court of California, County of Fresno ("Judge Kapetan"), City of Fresno Code Enforcement Department ("Code Enforcement Department"), and unnamed Doe Defendants who are "unknown city employees or agents involved in obtaining or executing the inspection warrant. (Doc. 1 at 2.) Plaintiff challenges a code enforcement inspection and the state court's treatment of her state law challenges to that inspection and a scheduled subsequent

inspection. (*Id*. at 2–5.)

Upon review, the Court concludes that the complaint fails to state any cognizable claims. Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the assigned district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.     SCREENING REQUIREMENT

In cases, as here, where the plaintiff is proceeding *in forma pauperis*, (Doc. 3), the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

In the statement of claim, Plaintiff states that she is "trustee and lawful representative of [a piece of real property]" on which the Code Enforcement Department posted an inspection warrant. (Compl. at 2–3). Plaintiff contends that a trustee had informed the city that the property was vacant

and had provided their correct mailing address and phone number, but that notice of the warrant was instead posted to the property "depriving Plaintiff of notice and opportunity to contest the warrant." (*Id.* at 3). Plaintiff alleges that she filed a "Motion to Quash Inspection Warrant and Findings" in Fresno Superior Court, but Judge Kapetan stated "there is nothing I can do because the inspection is already complete" and then "refused to consider constitutional challenges or jurisdictional defects." (*Id.*) Plaintiff claims that she then re-filed an "Ex Parte Motion," at which no City attorney or opposing party appeared. (*Id.*) At that hearing, Plaintiff alleges that she "attempted to show the signed warrant" but that Judge Kapetan stated "I'm done. I did not sign a warrant. There is no warrant" and left the bench. (*Id.* at 4).

Plaintiff alleges a re-inspection was scheduled for October 21, 2025. Plaintiff claims that "[t]he Judge's refusal to hear or decide the motion deprived Plaintiff of due process and equal protection, and allowed an unconstitutional search to stand unreviewed. (*Id.*)

As to her claims for relief, Plaintiff alleges (1) "Count 1–Violation of the Fourth Amendment (Unreasonable Search)" against Defendants City of Fresno Code Enforcement and unnamed Doe defendants who "caused or participated in an unlawful inspection conducted without proper service or probable cause, (*id.*); (2) "Count 2–Violation of Fourteenth Amendment (Due Process and Equal Protection)" against "[a]ll Defendants, acting under color of state law deprived Plaintiff of notice and a meaningful opportunity to be heard when the warrant was executed and when the court refused to review or quash it," (*id.* at 5); and (3) "Count 3–Declaratory and Injunctive Relief Against Judicial Officer" seeking prospective declaratory and injunctive relief "[t]o the extent Defendant Kristi Culver Kapetan acted administratively or in clear absence of jurisdiction by refusing to exercise judicial duty" (*id.*).

Finally, as to her request for relief, Plaintiff asks the Court to (1) "Declare the inspection warrant and findings unconstitutional and void," (2) Enjoin the City of Fresno and its agents from conducting the scheduled re-inspection or any further entry absent proper judicial review and service," (3) "Order the Superior Court and Defendant Judge to docket and decide Plaintiff's pending motion on its merits," (4) "Award costs and reasonable fees under 42 U.S.C. § 1988," and (5) "Grant such other and further relief as the Court seems just." (*Id.* at 5–6).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

**A. This Court Lacks Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, a district court has no jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). "The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011)). "The purpose of the Doctrine is to protect state court judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16).

To determine whether the *Rooker-Feldman* doctrine applies, a district court first must determine whether the action contains a forbidden *de facto* appeal of a state court decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). A *de facto* appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id*. at 1164. If "a federal plaintiff seeks to bring a forbidden *de facto* appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden *de facto* appeal is brought." *Id*. at 1158. "Simply put, 'the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.'" *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (quoting *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986)).

The *Rooker-Feldman* doctrine applies even when a state court judgment is not made by the highest state court, *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994), or

4

when a state court order is not final, *Worldwide Church of God*, 805 F.2d at 893 n.3. It also applies when a plaintiff's challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483–84.

In this lawsuit, Plaintiff essentially seeks an order overturning the adverse decisions of Judge Kapetan rejecting her motion to quash an inspection warrant and the findings stemming from the execution of that warrant. (Compl. at 3–4.) She asserts as a legal wrong the allegedly erroneous state court orders and seeks relief from those decisions. Plaintiff's claim is plainly a *de facto* appeal of Judge Kapetan's rulings, and the issues raised in this action are "inextricably intertwined" with Judge Kapetan's orders from which the forbidden *de facto* appeal is taken. *See Noel*, 341 F.3d at 1158. Thus, the Court lacks jurisdiction over this action as to any claim against Judge Kapetan under the *Rooker-Feldman* doctrine, and those claims should be dismissed.

## B.   Judge Kapetan is Entitled to Immunity

Even if the *Rooker-Feldman* did not preclude the claims against Judge Kapetan, those claims would still be subject to dismissal. It is well established that judges are absolutely immune from civil suits for acts performed in their judicial capacities. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 & n.10 (1993); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 357–60 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Absolute judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996). Absolute judicial immunity applies not only to suits for damages, but also "to actions for declaratory, injunctive and other equitable relief." *Mullis v. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

Plaintiff alleges that Judge Kapetan's orders violate the Fourteenth Amendment. (Compl. at 5.) There are only two situations in which a judicial officer will not be entitled to judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the

5

judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (internal citations omitted). The Supreme Court has stated that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

Here, Plaintiff's claim against Judge Kapetan is based solely on acts performed in her judicial capacity. And while Plaintiff makes a conclusory allegation that Judge Kapetan's acts were taken in the complete absence of jurisdiction, there are no facts alleged that would support that legal conclusion.

Accordingly, Judge Kapetan is entitled to absolute judicial immunity, and Plaintiff's claim against her must be dismissed.

**C.    The Unnamed Doe Defendants Are Entitled to Immunity**

The Court construes Plaintiff's claims against the unnamed Doe Defendants, who are "unknown city employees or agents involved in obtaining or executing the inspection warrant", as pleaded under 18 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments. (*See* Compl. at 2, 4–5). The Court construes the basis of Plaintiff's claims against the unnamed Doe Defendants as relating to (1) obtaining the inspection warrant and (2) the execution of the inspection warrant. (*See id.* at 3–5). These theories of liability are barred by immunity doctrines or are insufficiently factually pleaded.

As to the obtaining of the inspection warrant, the Court finds that language is broad enough to implicate the act of petitioning for the warrant as well as the signing of the warrant. Starting with the act of petitioning for the inspection warrant, that act that would only be subject to qualified immunity. *See Foley v. Graham*, No. 216CV01871JADVCF, 2020 WL 4736457, at *4 (D. Nev. Aug. 14, 2020). However, Plaintiff alleges no facts supporting a theory that the unnamed Doe Defendants violated a constitutional right in the petition for a warrant.

Insofar as Plaintiff contends that the unnamed Doe Defendants violated her Fourth Amendment rights by petitioning for an inspection warrant without probable case, (*see* Compl. at

6

1   4), Plaintiff misunderstands the standard for obtaining an inspection warrant. "There need be no
2   probable cause to suppose a violation to support a warrant to inspect. All that is required is a showing
3   that reasonable administrative standards for inspection have been established and are met in the
4   inspection in question." *United States v. Thriftimart, Inc.*, 429 F.2d 1006, 1008–09 (9th Cir. 1970).
5   Plaintiff has not alleged that the officers' petition for an inspection warrant did not meet the
6   reasonable administrative standards for inspection. Turning to the act of signing the inspection
7   warrant, that is a judicial act and is therefore shielded from suit by absolute judicial immunity. *See*
8   *Elder-Evins v. Casey*, No. C 09-05775 SBA, 2011 WL 337791, at *3 (N.D. Cal. Jan. 31, 2011).

9       Turning to the act of executing the warrant, the Ninth Circuit has recognized that the
10  execution of court orders is an integral quasi-judicial function that deserves the protection of
11  absolute immunity. *See Coverdell v. Dept. of Soc. & Health Servs.*, 834 F.2d 758, 764–65 (9th Cir.
12  1987) (internal citation omitted). Quasi-judicial "[i]mmunity flows from the nature of the function
13  performed, not the identity of the actor who performed it." *Patterson v. Van Arsdel*, 883 F.3d 826,
14  830 (9th Cir. 2018). Therefore, any Doe Defendant whose liability is based on the execution of the
15  inspection warrant would "be cloaked in quasi-judicial immunity so long as he is carrying out the
16  explicit orders of the court." *Foley*, 2020 WL 4736457, at *4.

17      In sum, based on the facts alleged, Plaintiff's theories of liability against the unnamed Doe
18  Defendants are barred by immunity doctrines or are otherwise insufficiently pleaded. Plaintiff will
19  be granted leave to amend to allege facts supporting a claim that the unnamed Doe Defendants
20  violated her constitutional rights in the petitioning for an inspection warrant of her property. The
21  Court reminds Plaintiff that probable cause is not required in order for a state actor to obtain an
22  inspection warrant.

**D.    Plaintiff Fails to State a Claim Against Fresno County Department of Code Enforcement**

25      The Court construes Plaintiff's claims against the Code Enforcement Department as arising
26  under 18 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments. However, while
27  local government entities may be subject to liability under section 1983, there is no *respondeat*
28  *superior* liability under section 1983, *i.e.* no liability under the theory that one is responsible for the

7

actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against Defendant Code Enforcement Department merely because that entity employed any alleged wrongdoers.

Local governments, such as Fresno County, are "persons" subject to liability under § 1983 only where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cty. of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636–68.

Plaintiff is granted leave to amend this complaint to attempt to allege a section 1983 claim against the Code Enforcement Department. Plaintiff must be careful to allege the specific policy, custom or practices that she contends give rise to liability and, in the case of a private entity, allege specific facts showing the entity acted under color of state law.

**E.    Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so she can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days. Plaintiff is

cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if she believes that additional true factual allegations would state cognizable claims.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to the assigned district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.

## I.    ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint that pleads facts showing that (1) state actors violated her constitutional rights in their petition for an inspection warrant based on the standard discussed above and / or (2) that the Fresno County Code Enforcement Department violated her constitutional rights by way of a specific policy, custom, or practice.
   b. Notify the Court in writing that he wants to stand on this complaint; or
   c. File a notice of voluntary dismissal.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-01387-JLT-SKO; and

9

3. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:     **October 31, 2025**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE