**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANA WILLIAMS,<br><br>        Plaintiff,<br>   v.<br><br>KRISTI CULVER KAPETAN, et al.,<br><br>        Defendants. | Case No.  1:25-cv-01387-JLT-SKO<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. 13) |

Jana Williams proceeds *pro se* and *in forma pauperis* in this action initiated on October 17, 2025.  (Docs. 1, 5.) On October 31, 2025, the assigned magistrate judge screened Plaintiff's complaint and found it failed to state any cognizable claims.  (Doc. 6.)  The Court gave Plaintiff 30 days to file an amended complaint, to state that she wished to stand on the initial complaint, or to voluntarily dismiss her complaint.  (*Id.*)  The Court also warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action."  (*Id.*)  To date, Plaintiff has not filed an amended complaint, a statement indicating that they intend to stand on their complaint, or a request for an extension of time in which to do so.  (*See* Docket.)

On December 8, 2025, the magistrate judge issued an order for Plaintiff to show cause within 21 days why the action should not be dismissed for their failure to comply with the screening order and failure to prosecute this case.  (Doc. 7.)  The Court warned Plaintiff that the failure to comply with that order would result in a recommendation that this action be dismissed.

(*Id*. at 2.)  Plaintiff did not respond in the time allowed and therefore on January 6, 2026, the magistrate judge issued findings and recommendations to dismiss for failure to comply with the Court's orders and failure to prosecute.  (Doc. 8.)

On February 2, 2026, Plaintiff filed objections to the January findings and recommendations along with a motion for relief from missed deadlines in which Plaintiff asserted that she had not timely received the Court's screening order or order to show cause. (*See* Docs. 9, 10, 11.)  In response, the magistrate judge withdrew the January 6, 2026 findings and recommendations, discharged the December 8, 2025 order to show cause, and granted Plaintiff fourteen days leave to respond to the Court's October 31, 2025 screening order. Plaintiff again failed to file a timely response.

On March 9, 2026, the magistrate judge issued findings and recommendations, recommending that this case be dismissed due to Plaintiff's failure to comply with the Court's orders and failure to prosecute.  (Doc. 13.)  The Court served the findings and recommendations on Plaintiff and notified her that objections were due within 21 days of service.  (*Id.* at 2.)  On March 30, 2026, Plaintiff filed a "Notice of Delayed Receipt of Court Correspondence," indicating that she had again not received the Court's correspondence, which indicates that she only recently received a set of findings and recommendations postmarked <u>February 9, 2025</u>.[1] (Doc. 14.) She does not suggest any intention of filing a further, substantive response to the findings and recommendations, nor does she indicate any plans to respond to the screening order, file an amended complaint, or otherwise prosecute this matter.

Pursuant to 28 U.S.C. § 636 (b)(1), this Court conducted a de novo review of the case. Having carefully reviewed the matter, the Court finds the findings and recommendation to be supported by the record.  In determining whether to dismiss an action as a sanction, courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

---

[1] The Court gives Plaintiff the benefit of the doubt and assumes she means March 9, 2026, as this case was not even open in February 2025.

2

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the public's interest in expeditiously resolving this litigation and the Court's need to manage its docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent authority to manage their dockets without being subject to noncompliant litigants). As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Further, the Court finds that "[i]t strains credulity that Plaintiff did not receive multiple pieces of mail, none of which were returned to the Court as undeliverable." *Aldave v. City of Buena Park*, No. 8:21-CV-00805-SSS-KES, 2023 WL 7926819, at *4 (C.D. Cal. July 31, 2023). Therefore, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with Plaintiff. *See*, *e.g.*, *Gaston v. Marean*, No. 1:18-cv-00569-AWI-BAM (PC), 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Moreover, the Court warned Plaintiff multiple times that their failure to comply with the screening order and OSC would result in the dismissal of this action. *Ferdik*, 963 F.2d at 1262 (district court's warning to a party that his failure to obey will result in dismissal satisfies the "consideration of alternatives" requirement).

Accordingly:

1.     The findings and recommendations issued on March 9, 2026, (Doc. 13), are

**ADOPTED**.

2. This action is **DISMISSED** for failure to prosecute and failure to obey court orders; and

3. The Clerk of Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated: _Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE